**Mansour SOCCER, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

No. 03–40262–ag.

United States Court of Appeals, Second Circuit.

Nov. 30, 2006.

Victor Essien, New York, New York (on submission), for Petitioner.

E. Scott Frost, Assistant United States Attorney (Richard B. Roper, United States Attorney, Northern District of Texas, on the brief) Lubbock, TX (on submission), for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

the specification of appellate issues. Mansour Soccer, through counsel, petitions for review of the July 22, 2003 BIA decision reversing the decision of an immigration judge ("IJ") granting his application for asylum. When, as here, the BIA does not adopt the decision of the IJ to any extent, this court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003). The court reviews questions of law and the application of law to fact *de novo*. *See Secaida–Rosales*, 331 F.3d at 307. "In order to be eligible for asylum, an applicant must show that he has suffered past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion or that he has a well founded fear of future persecution on one of these grounds." *Jorge–Tzoc v. Gonzales*, 435 F.3d 146, 148 (2d Cir. 2006) (per curiam).

In finding that Soccer failed to establish past persecution, the BIA considered Soccer's claim that he was persecuted because (1) "he was required to study the Koran in elementary school," that "verses of the Koran were recited daily in high school," that he was "harassed in school on account of his religious beliefs," and that he was "saddened by this mistreatment"; (2) "Muslim fundamentalists denounced the Coptic Christian religion over loudspeakers during church services, and . . . a priest warned that he would be harmed or killed if he protested"; (3) he "sustained several injuries, including a broken hand, when assaulted by Muslim fundamentalists during college in June 1979, and . . . the school's administration refused to take action"; (4) "[h]e continued to experience discrimination following his graduation from college"; and (5) "he was denied employment on account of his religious affiliation." Based on these incidents, the BIA found that Soccer failed to demonstrate past persecution because the "discrimination" he faced "in his school, neighborhood, and employment opportunities concerned harassment from private individuals" and because it did not "rise to the level of persecution."

■ Admittedly, the BIA did not attempt to reconcile its conclusion that school-related conduct was carried out by "private individuals" with the uncertainty about whether Soccer attended private or government schools. *Cf. Sotelo–Aquije v. Slattery*, 17 F.3d 33, 37 (2d Cir.1994) (holding that the Immigration and Nationality Act "protects against persecution not only by government forces but also by nongovernmental groups that the government cannot control"). But regardless of whether Soccer's mistreatment was attributable to the government or private actors, it still must rise to the level of persecution to demonstrate eligibility for asylum. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 126–28 (2d Cir.2004). We hold that it does not. Soccer suffered only a single, isolated incident of physical harm over twenty-five years ago, and the cumulative mistreatment described, while deplorable, is not so egregious as to constitute persecution. *See id.* at 128 (citing *Begzatowski v. INS*, 278 F.3d 665, 669 (7th Cir.2002)); *see also Khalil v. Ashcroft*, 337 F.3d 50, 55–56 (1st Cir.2003) (upholding a BIA holding that religious discrimination against the petitioner and a beating during college over twenty-five years ago did not rise to the level of persecution). The BIA did not err in finding that this conduct did not rise to the level of persecution.

■ The BIA further concluded that Soccer did not show a well-founded fear of future persecution in Egypt. A well-

**28**

founded fear of future persecution consists of both an objective and subjective component. *See Gomez v. INS,* 947 F.2d 660, 663 (2d Cir.1991). First, because we have concluded that Soccer's past experiences do not amount to persecution, these experiences cannot form the basis of a reasonable fear of future persecution. *See Zalega v. INS,* 916 F.2d 1257, 1261 (7th Cir. 1990). Moreover, although Soccer provided some background materials illustrating violence against Coptic Christians in Egypt, Soccer failed to produce specific evidence that he would be singled out for persecution were he to return to Egypt. We thus conclude that substantial evidence supported the BIA's determination that Soccer failed to establish a pattern or practice of persecution to support an objective fear of future persecution.

Second, the BIA concluded that Soccer did not evince a subjective fear of persecution—that *"he* has a well-founded fear of persecution should he return to Egypt" (emphasis added)—noting that Soccer returned to Egypt three times without incident between 1987 and 1989. We agree with the conclusion of the First Circuit that "[w]hile returning to one's native country does not automatically refute the possibility of having a genuine fear," a petitioner's numerous return trips to his home country may be substantial evidence that the petitioner does not harbor a subjective fear of returning. *Diab v. Ashcroft,* 397 F.3d 35, 42 (1st Cir.2005). Soccer's return trips provide such evidence here. Accordingly, we uphold the BIA's determination that Soccer did not establish a well-founded fear of persecution.

Because asylum and withholding of removal "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."

*Zhou Yun Zhang v. INS,* 386 F.3d 66, 71 (2d Cir.2004). Finally, because Soccer does not raise a Convention Against Torture claim in his briefing before this court, any such claim is waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is **DENIED.** Having completed our review, any stay of removal that the court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DENIED** as moot.